# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

**VOXPATH RS, LLC**

    Plaintiff,

              **v.**

**(1)  LG ELECTRONICS U.S.A., INC.;**
**(2)  LG ELECTRONICS INC.;**
**(3)  DENON ELECTRONICS (USA), LLC;**
**(4)  D&M HOLDINGS, INC.;**
**(5)  DESAY A&V SCIENCE AND**
    **TECHNOLOGY CO. LTD.;**
**(6)  BEST BUY CO., INC.;**
**(7)  BESTBUY.COM, LLC;**
**(8)  BEST BUY STORES, L.P.;**
**(9)  BEST BUY ENTERPRISE SERVICES,**
    **INC.;**
**(10) PANASONIC CORPORATION OF**
    **NORTH AMERICA;**
**(11) PANASONIC CONSUMER**
    **ELECTRONICS COMPANY;**
**(12) PANASONIC CORPORATION;**
**(13) SAMSUNG ELECTRONICS AMERICA,**
    **INC.;**
**(14) SAMSUNG ELECTRONICS CO.;**
**(15) SONY CORPORATION OF AMERICA;**
**(16) SONY COMPUTER**
    **ENTERTAINMENT INC.;**
**(17) SONY COMPUTER**
    **ENTERTAINMENT AMERICA INC.;**
**(18) SONY ELECTRONICS INC.;**
**(19) SONY CORPORATION;**
**(20) TOSHIBA AMERICA, INC.;**
**(21) TOSHIBA AMERICA CONSUMER**
    **PRODUCTS, L.L.C.;**
**(22) TOSHIBA CORPORATION;**
**(23) ONKYO U.S.A. CORPORATION;**
**(24) ONKYO CORPORATION;**
**(25) PIONEER ELECTRONICS (USA) INC.;**
**(26) PIONEER CORPORATION;**
**(27) HEWLETT-PACKARD COMPANY;**
**(28) JVC AMERICA, INC.;**

**Civil Action No. _____**

**JURY TRIAL DEMANDED**

**(29) JVC AMERICAS CORP.;**
**(30) JVC COMPANY OF AMERICA;**
**(31) JVC KENWOOD HOLDINGS, INC.;**
**(32) VICTOR COMPANY OF JAPAN,**
    **LIMITED;**
**(33) JVC OPTICAL COMPONENTS**
    **(THAILAND) CO., LTD.;**
**(34) YAMAHA CORPORATION;**
**(35) YAMAHA CORPORATION OF**
    **AMERICA; and**
**(36) YAMAHA ELECTRONICS**
    **CORPORATION,**

Defendants.

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff, VoxPath RS, LLC, makes the following allegations against defendants, LG Electronics U.S.A., Inc., LG Electronics Inc., Denon Electronics (USA), LLC, D&M Holdings, Inc., Best Buy Co., Inc., Desay A&V Science And Technology Co. Ltd., BestBuy.com, LLC, Best Buy Stores, L.P., Best Buy Enterprise Services, Inc., Panasonic Corporation of North America, Panasonic Consumer Electronics Company, Panasonic Corporation, Samsung Electronics America, Inc., Samsung Electronics Co., Ltd., Sony Corporation of America, Sony Computer Entertainment Inc., Sony Computer Entertainment America Inc., Sony Electronics Inc., Sony Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba Corporation, Onkyo U.S.A. Corporation, Onkyo Corporation, Pioneer Electronics (USA) Inc., Pioneer Corporation, Hewlett-Packard Company, JVC America, Inc., JVC Americas Corp., JVC Company of America, JVC KENWOOD Holdings, Inc., Victor Company of Japan, Limited, JVC Optical Components (Thailand) Co., Ltd., Yamaha Corporation, Yamaha Corporation of America, and Yamaha Electronics Corporation (collectively the "Defendants").

## PARTIES

1.      Plaintiff VoxPath RS, LLC ("VoxPath") is a Delaware limited liability company having a principal place of business at 8810 Business Park Drive, Suite 200, Austin Texas 78759.

2.      On information and belief, Defendant LG Electronics U.S.A., Inc. ("LG U.S.A.") is a Delaware Corporation with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, NJ 07632.  LG U.S.A. has appointed United States Corporation Company, 2711 Centerville Road Suite 400, Wilmington, DE 19808, as its agent for service of process.

3.      On information and belief, Defendant LG Electronics Inc. ("LG") is a Korean corporation with its principal place of business at LG Twin Towers 20, Yeouido-dong, Youngdungpo-gu, Seoul, Korea 150-721.  On information and belief, LG may be served at LG Twin Towers 2-20, Yeouido-dong, Youngdungpo-gu, Seoul, Korea 150-721, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

4.      On information and belief, Defendant Denon Electronics (USA), LLC ("Denon") is a Delaware limited liability company with its principal place of business at 100 Corporate Dr. Mahwah, NJ 07430-2041.  Denon has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

5.      On information and belief, Defendant D&M Holdings, Inc. ("D&M") is a Japanese corporation with its principal place of business located at 2-1 Nisshin-cho, Kawasaki-ku, Kawasaki-shi, Kanagawa 210-8569, Japan.  On information and belief, D&M may be served at 2-1 Nisshin-cho, Kawasaki-ku, Kawasaki-shi, Kanagawa 210-8569, Japan, via an officer, a

managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

6.      On information and belief, Defendant Desay A&V Science And Technology Co. Ltd. ("Desay") is a Chinese corporation with its principal place of business at DESAY 3rd. Industry Zone, Chenjiang Town, Huizhou, Guangdong, China, 516229. On information and belief, Samsung may be served at DESAY 3rd. Industry Zone, Chenjiang Town, Huizhou, Guangdong, China, 516229, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

7.      On information and belief, Defendant Best Buy Co., Inc. ("Best Buy") is a Minnesota corporation with its principal place of business at 7601 Penn Avenue South, Richfield, Minnesota 55423.  Best Buy has appointed CT Corporation System Inc., 100 South 5th Street #1075, Minneapolis, MN 55402, as its agent for service of process.

8.      On information and belief, Defendant BestBuy.com, LLC ("BestBuy.com") is a Minnesota corporation with its principal place of business at 7601 Penn Avenue South, Richfield, Minnesota 55423.  BestBuy.com has appointed CT Corporation System Inc., 100 South 5th Street #1075, Minneapolis, MN 55402, as its agent for service of process.

9.      On information and belief, Defendant Best Buy Stores, L.P. ("Best Buy Stores") is a Virginia limited partnership with its principal place of business at 7601 Penn Avenue South, Richfield, Minnesota 55423.   Best Buy Stores has appointed CT Corporation System, 4701 Cox Rd., Ste. 301, Glen Allen, VA 23060-6802, as its agent for service of process.

10.      On information and belief, Defendant Best Buy Enterprise Services, Inc. ("Best Buy Enterprise") is a Minnesota corporation with its principal place of business at 7601 Penn Avenue South, Richfield, Minnesota 55423.  Best Buy Enterprise has appointed CT Corporation

System Inc., 100 South 5th Street #1075, Minneapolis, MN 55402, as its agent for service of process.

11.     On information and belief, Defendant Panasonic Corporation of North America ("Panasonic N.A.") is a Delaware corporation with its principal place of business at 1 Panasonic Way, Secaucus, New Jersey 07094.   Panasonic N.A. has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

12.     On information and belief, Defendant Panasonic Consumer Electronics Company ("Panasonic Consumer") is a subsidiary of Panasonic N.A. with a principal place of business at 1 Panasonic Way, Secaucus, New Jersey 07094.   On information and belief, Panasonic Consumer has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

13.     On information and belief, Defendant Panasonic Corporation ("Panasonic") is a Japanese corporation with its principal place of business at 1006 Oaza Kadoma, Kadoma-shi, Osaka 571-8501, Japan.   On information and belief, Panasonic may be served at 1006 Oaza Kadoma, Kadoma-shi, Osaka 571-8501, Japan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

14.     On information and belief, Defendant Samsung Electronics America, Inc. ("Samsung America") is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660. Samsung America has appointed CT Corporation System, 111 Eighth Avenue, New York, NY 10011, as its agent for service of process.

15.     On information and belief, Defendant Samsung Electronics Co., Ltd.

("Samsung") is a Korean corporation with its principal place of business at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul 100-742, Korea. On information and belief, Samsung may be served at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul 100-742, Korea, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

16.     On information and belief, Defendant Sony Corporation of America ("Sony America") is a New York corporation with its principal place of business at 550 Madison Avenue, New York, NY 10022.  Sony America has appointed Corporation Service Company, 80 State Street, Albany, New York, 12207-2543, as its agent for service of process.

17.     On information and belief, Defendant Sony Computer Entertainment Inc.  ("Sony CE") is a Japanese corporation with its principal place of business at 2-6-21, Minami-Aoyama, Minato-ku, Tokyo, 107-0062 Japan.  On information and belief, Sony CE may be served at 2-6-21, Minami-Aoyama, Minato-ku, Tokyo, 107-0062 Japan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

18.     On information and belief, Defendant Sony Computer Entertainment America Inc. ("Sony CEA") is a Delaware corporation with its principal place of business at 919 & 989 East Hillsdale Boulevard, Foster City CA, 94404.  Sony CEA has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Willington, DE 19808, as its agent for service of process.

19.     On information and belief, Defendant Sony Electronics Inc. ("Sony Electronics") is a Delaware corporation with its principal place of business at 16530 Via Esprillo, San Diego, CA  92127.  Sony Electronics has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Willington, DE 19808, as its agent for service of process.

20.     On information and belief, Defendant Sony Corporation ("Sony") is a Japanese

corporation with its principal place of business at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan.  On information and belief, Sony may be served at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

21.     On information and belief, Defendant Toshiba America, Inc. ("Toshiba America") is a Delaware Corporation with its principal place of business at 1251 Avenue of the Americas, Suite 4110, New York, NY 10020.  Toshiba America has appointed Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801, as its agent for service of process.

22.     On information and belief, Defendant Toshiba America Consumer Products, L.L.C.  ("Toshiba Consumer") is a New Jersey Limited Liability Company with its principal place of business at 82 Totowa Road, Wayne, New Jersey 07470.  Toshiba Consumer has appointed The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, NJ  08628, as its agent for service of process.

23.     On information and belief, Defendant Toshiba Corporation ("Toshiba") is a Japanese corporation with its principal place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan.  On information and belief, Toshiba may be served at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

24.     On information and belief, Defendant Onkyo U.S.A. Corporation ("Onkyo U.S.A.") is an Illinois Corporation with its principal place of business at 18 Park Way, Upper Saddle River, NJ 07458.  Onkyo U.S.A. has appointed Illinois Corporation Service, 801 Adlai Stevenson Drive, Springfield, IL 62703, as its agent for service of process.

25.     On information and belief, Defendant Onkyo Corporation ("Onkyo") is a

Japanese corporation with its principal place of business at 2-1, Nisshin-cho, Neyagawa-shi, Osaka 572-8540, Japan.  On information and belief, Onkyo may be served at 2-1, Nisshin-cho, Neyagawa-shi, Osaka 572-8540, Japan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

26.     On information and belief, Defendant Pioneer Electronics (USA) Inc. ("Pioneer USA") is a Delaware corporation with its principal place of business at 2265 East 220th Street, Long Beach, California 90810. Pioneer USA has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its agent for service of process.

27.     On information and belief, Defendant Pioneer Corporation ("Pioneer") is a Japanese corporation with its principal place of business at 4-1 Meguro 1-Chome, Meguro-ku, Tokyo 153-8654, Japan. On information and belief, Pioneer may be served at 1-4-1 Meguro, Meguro-ku, Tokyo 153-8654, Japan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

28.     On information and belief, Defendant Hewlett-Packard Company ("HP") is a Delaware corporation with its principal place of business at 300 Hanover Street, Palo Alto, CA 94304.  HP has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

29.     On information and belief, Defendant JVC America, Inc. ("JVC America") is a Delaware corporation with its principal place of business at 2750 Barrett Lakes Blvd., Kennesaw GA, 30144.  JVC America has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

30.     On information and belief, Defendant JVC Americas Corp.  ("JVC Americas") is

a Delaware corporation with its principal place of business at 1700 Valley Road, Wayne, NJ 07470.  JVC Americas has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

31.     On information and belief, Defendant JVC Company of America ("JVC Company") is a Delaware corporation with its principal place of business at 1700 Valley Road, Wayne, NJ 07470.  JVC Company has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

32.     On information and belief, Defendant JVC KENWOOD Holdings, Inc. ("JVC Kenwood") is a Japanese corporation with its principal place of business at 3-12, Moriyacho, Kanagawa-ku, Yokohama-shi, Kanagawa, 221-0022, Japan.  On information and belief, JVC Kenwood may be served at 3-12, Moriyacho, Kanagawa-ku, Yokohama-shi, Kanagawa, 221-0022, Japan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

33.     On information and belief, Defendant Victor Company of Japan, Limited ("Victor") is a Japanese corporation with its principal place of business at 3-12, Moriyacho, Kanagawa-ku, Yokohama-shi, Kanagawa, 221-8528, Japan.  On information and belief, Victor may be served at 3-12, Moriyacho, Kanagawa-ku, Yokohama-shi, Kanagawa, 221-8528, Japan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

34.     On information and belief, Defendant JVC Optical Components (Thailand) Co., Ltd. ("JVC Optical") is a Thai corporation with its principal place of business at 555 Moo.6 Tambol Nongrawieng Amphur Muang Nakhonratchasima 30000 THAILAND.  On information

and belief, JVC Optical may be served at 555 Moo.6 Tambol Nongrawieng Amphur Muang Nakhonratchasima 30000 THAILAND, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

35.    On information and belief, Defendant Yamaha Corporation ("Yamaha") is a Japanese corporation with its principal place of business at 10-1 Nakazawa-cho Naka-ku, Hamamatsu-shi, SZK 430-8650, Japan.  On information and belief, Yamaha may be served at 10-1 Nakazawa-cho Naka-ku, Hamamatsu-shi, SZK 430-8650, Japan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

36.    On information and belief, Defendant Yamaha Corporation of America ("Yamaha America") is a California corporation with its principal place of business at 6600 Orangethorpe Ave., Buena Park, CA 90620.  Yamaha America has appointed CORPORATION SERVICE COMPANY, 2730 GATEWAY OAKS DR, STE 100, SACRAMENTO, CA 95833, as its agent for service of process.

37.    On information and belief, Defendant Yamaha Electronics Corporation ("Yamaha Electronics") is a California corporation with its principal place of business at 6600 Orangethorpe Ave., Buena Park, CA 90620.   Yamaha Electronics has appointed CORPORATION SERVICE COMPANY, 2730 GATEWAY OAKS DR, STE 100, SACRAMENTO, CA 95833, as its agent for service of process.

## JURISDICTION AND VENUE

38.    This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

-10-

39.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each of the Defendants has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

40.     On information and belief, each of the Defendants is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,304,530

41.     Plaintiff VoxPath is the owner by assignment of United States Patent No. 6,304,530 (the "'530 patent") entitled Optical Data Reproduction Apparatus.  The '530 patent issued on October 16, 2001.  A true and correct copy of the '530 patent is included as Exhibit A.

42.     Upon information and belief, Defendant LG U.S.A. has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the BD370, an optical data reproduction device employing one or more photo-detector integrated

circuits covered by one or more claims of the '530 Patent. By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, LG U.S.A. has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

43. Upon information and belief, Defendant LG has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the BD370, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent. By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, LG has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

44. Upon information and belief, Defendant Denon has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element

on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the DBP-1610, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Denon has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

45.     Upon information and belief, Defendant D&M has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the DBP-1610, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, D&M has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

46.     Upon information and belief, Defendant Desay has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the NS-BRDVD3, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Desay has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

47.     Upon information and belief, Defendant Best Buy has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation,

-14-

the NS-BRDVD3, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  Best Buy's infringing acts include, by way of example only and without limitation.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Best Buy has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

48.     Upon information and belief, Defendant BestBuy.com has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the NS-BRDVD3, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent. By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, BestBuy.com has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

49.     Upon information and belief, Defendant Best Buy Stores has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing

infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the NS-BRDVD3, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent. By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Best Buy Stores has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

50.     Upon information and belief, Defendant Best Buy Enterprise has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the NS-BRDVD3, an optical data reproduction device employing one or more photo-

detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Best Buy Enterprise has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

51.     Upon information and belief, Defendant Panasonic N.A. has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the DMP-BD60, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Panasonic N.A. has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

52.     Upon information and belief, Defendant Panasonic Consumer has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in

this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the DMP-BD60, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Panasonic Consumer has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

53.     Upon information and belief, Defendant Panasonic has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the DMP-BD60, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using,

-18-

importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Panasonic has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

54.     Upon information and belief, Defendant Samsung America has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the BD-P1600, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Samsung America has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

55.     Upon information and belief, Defendant Samsung has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing,

offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the BD-P1600, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Samsung has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

56.    Upon information and belief, Defendant Sony America has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the BDP-S570, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Sony America has injured

VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

57.    Upon information and belief, Defendant Sony CE has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the BDP-S570, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Sony CE has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

58.    Upon information and belief, Defendant Sony CEA has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of

light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the BDP-S570, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent. By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Sony CEA has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

59.     Upon information and belief, Defendant Sony Electronics has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the BDP-S570, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent. By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Sony Electronics has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

-22-

60.     Upon information and belief, Defendant Sony has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the BDP-S570, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Sony has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

61.     Upon information and belief, Defendant Toshiba America has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without

limitation, the BDX2000 KU, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Toshiba America has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

62.     Upon information and belief, Defendant Toshiba Consumer has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the BDX2000 KU, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Toshiba Consumer has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

63.     Upon information and belief, Defendant Toshiba has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or

contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the BDX2000 KU, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent. By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Toshiba has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

64.   Upon information and belief, Defendant Onkyo U.S.A. has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the DV-BD507, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent. By making, using,

importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Onkyo U.S.A. has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

65.     Upon information and belief, Defendant Onkyo has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the DV-BD507, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Onkyo has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

66.     Upon information and belief, Defendant Pioneer USA has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a

light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the BDP-120, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Pioneer USA has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

67.     Upon information and belief, Defendant Pioneer has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the BDP-120, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Pioneer has injured VoxPath and is thus liable

to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

68.     Upon information and belief, Defendant HP has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the BD-2000-16, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, HP has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

69.     Upon information and belief, Defendant JVC America has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second

added signal used for forming a tracking error signal, including, by way of example and without limitation, the XV-BP1J, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, JVC America  has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

70.    Upon information and belief, Defendant JVC Americas has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the XV-BP1J, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, JVC Americas has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

71.    Upon information and belief, Defendant JVC Company has been and now is

-29-

directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the XV-BP1J, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, JVC Company has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

72.     Upon information and belief, Defendant JVC Kenwood has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without

limitation, the XV-BP1J, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, JVC Kenwood has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

73.     Upon information and belief, Defendant Victor has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the XV-BP1J, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Victor has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

74.     Upon information and belief, Defendant JVC Optical has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial

district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the XV-BP1J, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, JVC Optical has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

75.    Upon information and belief, Defendant Yamaha has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the BD-S2900, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using, importing, offering

for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Yamaha has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

76.     Upon information and belief, Defendant Yamaha America has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the BD-S2900, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Yamaha America has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

77.     Upon information and belief, Defendant Yamaha Electronics has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '530 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain optical data reproduction devices having a

light-receiving element on which a first and second pair of light-receiving cells are diagonally arranged to constitute a quadrifid light-receiving cells with a pair of wiring patterns connected to each pair of light-receiving cells for leading output signals therefrom to form a first and second added signal used for forming a tracking error signal, including, by way of example and without limitation, the BD-S2900, an optical data reproduction device employing one or more photo-detector integrated circuits covered by one or more claims of the '530 Patent. By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '530 patent, Yamaha Electronics has injured VoxPath and is thus liable to VoxPath for infringement of the '530 patent pursuant to 35 U.S.C. §271.

78.     On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '530 patent have complied any with such requirements.

79.     To the extent that facts learned in discovery show that any one of the Defendants' infringement of the '530 patent is or has been willful, Plaintiff VoxPath reserves the right to request such a finding at time of trial.

80.     As a result of these Defendants' infringement of the '530 patent, Plaintiff VoxPath has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court, and Plaintiff VoxPath will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

81.     Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting or in active concert

therewith from infringing the '530 patent, Plaintiff VoxPath will be greatly and irreparably harmed.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 5,450,378

82.     Plaintiff VoxPath is the owner by assignment of United States Patent No. 5,450,378 (the "'378 patent") entitled Holographic Elements for an Optical Recording System. The '378 patent issued on September 12, 1995. A true and correct copy of the '378 patent is included as Exhibit B.

83.     Upon information and belief, Defendant Desay has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, including, by way of example and without limitation, the NS-BRDVD3, an optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent. By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, Desay has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

84.     Upon information and belief, Defendant HP has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district,

and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, including, by way of example and without limitation, the BD-2000-16, an optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent. By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, HP has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

85.    Upon information and belief, Defendant JVC America has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, including, by way of example and without limitation, the XV-BP1J, an optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent. By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, JVC America has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

86.    Upon information and belief, Defendant JVC Americas has been and now is

directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, including, by way of example and without limitation, the XV-BP1J, an optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent. By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, JVC Americas has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

87.     Upon information and belief, Defendant JVC Company has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, including, by way of example and without limitation, the XV-BP1J, an optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent. By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, JVC Company

has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

88.     Upon information and belief, Defendant JVC Kenwood has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, including, by way of example and without limitation, the XV-BP1J, an optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent. By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, JVC Kenwood has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

89.     Upon information and belief, Defendant JVC Victor has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, including, by way of example and without limitation, the XV-BP1J, an optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a

plurality of optical functions covered by one or more claims of the '378 Patent. By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, Victor has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

90.     Upon information and belief, Defendant JVC Optical has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, including, by way of example and without limitation, the XV-BP1J, an optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent. By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, JVC Optical has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

91.     Upon information and belief, Defendant Yamaha has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical

data storage system, including, by way of example and without limitation, the BD-S2900, an optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent. By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, Yamaha has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

92.     Upon information and belief, Defendant Yamaha America has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, including, by way of example and without limitation, the BD-S2900, an optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent. By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, Yamaha America has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

93.     Upon information and belief, Defendant Yamaha Electronics has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in

this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, including, by way of example and without limitation, the BD-S2900, an optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent. By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, Yamaha Electronics has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

94.     On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '378 patent have complied any with such requirements.

95.     To the extent that facts learned in discovery show that any one of the Defendants' Desay, HP, JVC America, JVC Americas, JVC Company, JVC Kenwood, Victor, JVC Optical, Yamaha, Yamaha America, and Yamaha Electronics infringement of the '378 patent is or has been willful, Plaintiff VoxPath reserves the right to request such a finding at time of trial.

96.     As a result of these Defendants' infringement of the '378 patent, Plaintiff VoxPath has suffered monetary damages in an amount adequate to compensate for Defendants' Desay, HP, JVC America, JVC Americas, JVC Company, JVC Kenwood, Victor, JVC Optical, Yamaha, Yamaha America, and Yamaha Electronics infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants Desay, HP, JVC America, JVC Americas, JVC Company, JVC Kenwood, Victor, JVC Optical, Yamaha, Yamaha America, and Yamaha Electronics, together with interest and costs as fixed by the Court, and Plaintiff

VoxPath will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

97.     Unless a permanent injunction is issued enjoining Defendants Desay, HP, JVC America, JVC Americas, JVC Company, JVC Kenwood, Victor, JVC Optical, Yamaha, Yamaha America, and Yamaha Electronics and their agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '378 patent, Plaintiff VoxPath will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff VoxPath respectfully requests that this Court enter:

1.     A judgment in favor of Plaintiff VoxPath that Defendants have infringed, directly and jointly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '530 patent, and that such infringement was willful;

2.     A judgment in favor of Plaintiff VoxPath that Defendants Desay, HP, JVC America, JVC Americas, JVC Company, JVC Kenwood, Victor, JVC Optical, Yamaha, Yamaha America, and Yamaha Electronics have infringed, directly and jointly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '378 patent, and that such infringement was willful;

3.     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '530 patent;

4.     A permanent injunction enjoining Defendants Desay, HP, JVC America, JVC Americas, JVC Company, JVC Kenwood, Victor, JVC Optical, Yamaha, Yamaha America, and

Yamaha Electronics and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '378 patent;

5.     A judgment and order requiring Defendants to pay Plaintiff VoxPath its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '530 patent as provided under 35 U.S.C. § 284;

6.     A judgment and order requiring Defendants Desay, HP, JVC America, JVC Americas, JVC Company, JVC Kenwood, Victor, JVC Optical, Yamaha, Yamaha America, and Yamaha Electronics to pay Plaintiff VoxPath its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '378 patent as provided under 35 U.S.C. § 284;

7.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff VoxPath its reasonable attorneys' fees; and

8.     Any and all other relief to which Plaintiff VoxPath may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff VoxPath, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

**VOXPATH RS, LLC**

Dated: May 17, 2010                    By: /s/ *Andrew W. Spangler*
                                              Andrew W. Spangler
                                              State Bar No. 24041960
                                              Todd Y. Brandt
                                              State Bar No. 24027051
                                              SPANGLER LAW P.C.
                                              104 E. Houston Street, Ste. 135
                                              Marshall, Texas 75670
                                              Telephone: 903/935-3443
                                              Facsimile: 903/938-7873
                                              spangler@spanglerlawpc.com

                                              Marc A. Fenster
                                              California Bar No. 181067
                                              RUSS, AUGUST & KABAT
                                              12424 Wilshire Boulevard 12th Floor
                                              Los Angeles, California 90025
                                              Telephone: 310/826-7474
                                              Facsimile: 310/826-6991
                                              mfenster@raklaw.com

                                              **ATTORNEYS FOR PLAINTIFF**
                                              **VOXPATH RS, LLC**