# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| VOXPATH RS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| 1) LG ELECTRONICS U.S.A., INC.; ) | CASE NO. 2:10-CV-00160 (TJW) |
| 2) LG ELECTRONICS INC.; ) | |
| 3) DENON ELECTRONICS (USA), LLC; ) | |
| 4) D&M HOLDINGS, INC.; ) | JURY TRIAL |
| 5) DESAY A&V SCIENCE AND ) | |
|    TECHNOLOGY CO. LTD.; ) | |
| 6) BEST BUY CO., INC.; ) | |
| 7) BESTBUY.COM, LLC; ) | |
| 8) BEST BUY STORES, L.P.; ) | |
| 9) BEST BUY ENTERPRISE SERVICES, ) | |
|    INC.; ) | |
| 10) PANASONIC CORPORATION OF ) | |
|    NORTH AMERICA; ) | |
| 11) PANASONIC CONSUMER ) | |
|    ELECTRONICS COMPANY; ) | |
| 12) PANASONIC CORPORATION; ) | |
| 13) SAMSUNG ELECTRONICS ) | |
|    AMERICA, INC.; ) | |
| 14) SAMSUNG ELECTRONICS CO.; ) | |
| 15) SONY CORPORATION OF AMERICA; ) | |
| 16) SONY COMPUTER ) | |
|    ENTERTAINMENT INC.; ) | |
| 17) SONY COMPUTER ) | |
|    ENTERTAINMENT AMERICA INC.; ) | |
| 18) SONY ELECTRONICS INC.; ) | |
| 19) SONY CORPORATION; ) | |
| 20) TOSHIBA AMERICA, INC.; ) | |
| 21) TOSHIBA AMERICA CONSUMER ) | |
|    PRODUCTS, L.L.C.; ) | |
| 22) TOSHIBA CORPORATION; ) | |
| 23) ONKYO U.S.A CORPORATION; ) | |
| 24) ONKYO CORPORATION; ) | |
| 25) PIONEER ELECTRONICS (USA) INC.; ) | |
| 26) PIONEER CORPORATION; ) | |

| | |
|---|---|
| 27) HEWLETT-PACKARD COMPANY; | ) |
| 28) JVC AMERICA, INC; | ) |
| 29) JVC AMERICAS CORP.; | ) |
| 30) JVC COMPANY OF AMERICA; | ) |
| 31) JVC KENWOOD HOLDINGS, INC.; | ) |
| 32) VICTOR COMPANY OF JAPAN, LIMITED; | ) ) |
| 33) JVC OPTICAL COMPONENTS (THAILAND) CO., LTD.; | ) ) |
| 34) YAMAHA CORPORATION; | ) |
| 35) YAMAHA CORPORATION OF AMERICA; and | ) ) |
| 36) YAMAHA ELECTRONICS CORPORATION, | ) ) |
| | ) |
| Defendants. | ) |
| | ) |

### DEFENDANT HEWLETT-PACKARD COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO VOXPATH RS, LLC'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Hewlett-Packard Company ("HP") answers plaintiff VoxPath RS, LLC's ("VoxPath") Complaint for Patent Infringement ("Complaint") as follows. VoxPath's opening paragraph does not appear to contain any allegations requiring a response. Out of an abundance of caution, HP admits that VoxPath's pleading purports to be a complaint for patent infringement, but denies HP has infringed any valid and enforceable patent claim or that VoxPath is entitled to any relief. HP's specific responses to the numbered allegations are set forth below.

### PARTIES

1. The allegations of paragraph 1 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2. The allegations of paragraph 2 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

3. The allegations of paragraph 3 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore denies them.

4. The allegations of paragraph 4 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore denies them.

5. The allegations of paragraph 5 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and therefore denies them.

6. The allegations of paragraph 6 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and therefore denies them.

7. The allegations of paragraph 7 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies them.

8. The allegations of paragraph 8 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies them.

9. The allegations of paragraph 9 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies them.

10. The allegations of paragraph 10 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies them.

11. The allegations of paragraph 11 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies them.

12. The allegations of paragraph 12 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies them.

13. The allegations of paragraph 13 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore denies them.

14. The allegations of paragraph 14 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore denies them.

15. The allegations of paragraph 15 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore denies them.

16. The allegations of paragraph 16 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore denies them.

17. The allegations of paragraph 17 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore denies them.

18. The allegations of paragraph 18 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore denies them.

19. The allegations of paragraph 19 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies them.

20. The allegations of paragraph 20 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies them.

21. The allegations of paragraph 21 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore denies them.

22. The allegations of paragraph 22 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and therefore denies them.

23. The allegations of paragraph 23 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and therefore denies them.

24. The allegations of paragraph 24 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, and therefore denies them.

25. The allegations of paragraph 25 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, and therefore denies them.

26. The allegations of paragraph 26 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and therefore denies them.

27. The allegations of paragraph 27 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, and therefore denies them.

28. HP admits that it is a Delaware corporation with its principal place of business at 3000 Hanover St., Palo Alto, CA 94304. HP denies that its principal place of business is at 300 Hanover Street as stated in VoxPath's Complaint. HP admits that it appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

29. The allegations of paragraph 29 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29, and therefore denies them.

30. The allegations of paragraph 30 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, and therefore denies them.

31. The allegations of paragraph 31 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, and therefore denies them.

32. The allegations of paragraph 32 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, and therefore denies them.

33. The allegations of paragraph 33 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33, and therefore denies them.

34. The allegations of paragraph 34 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34, and therefore denies them.

35. The allegations of paragraph 35 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35, and therefore denies them.

36. The allegations of paragraph 36 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36, and therefore denies them.

37. The allegations of paragraph 37 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37, and therefore denies them.

## JURISDICTION AND VENUE

38. These allegations set forth legal conclusions to which no response is required. HP admits that VoxPath's complaint alleges infringement under the United States patent laws. HP admits that this Court has subject matter jurisdiction over patent law claims. HP is without knowledge or information sufficient to form a belief as to whether VoxPath has appropriate standing, and accordingly denies that this Court has subject matter jurisdiction over VoxPath's patent claims in this particular case. HP denies any remaining allegations in paragraph 38.

39. HP admits that venue in this action is proper in the Eastern District of Texas for purposes of this particular action. HP denies that this venue is convenient for the parties and witnesses for resolution of this dispute, including the locations of witnesses and documents, and other facts. HP lacks sufficient information to admit or deny the allegations of paragraph 39 that are directed to other entities, and therefore denies them.

40. HP admits that this Court has personal jurisdiction over it in this particular action, and that it has conducted business in the State of Texas. HP admits that its products have been sold in the United States, the State of Texas, and the Eastern District of Texas. To the extent the remaining allegations of paragraph 40 are directed at HP, they are denied. To the extent the allegations of paragraph 40 are directed to other entities, HP lacks sufficient information to admit or deny the allegations of paragraph 40, and therefore denies them.

## **COUNT 1**

41.     HP admits that U.S. Patent No. 6,304,530 (the "'530 patent") is entitled "Optical Data Reproduction Apparatus," and that the '530 patent bears an issuance date of October 16, 2001. HP is without knowledge or information sufficient to form a belief as to whether VoxPath is the assignee of rights to the '530 patent, and therefore denies this allegation. HP denies all other allegations of paragraph 41.

42.     HP denies the allegations in paragraph 42 of the Complaint.

43.     HP denies the allegations in paragraph 43 of the Complaint.

44.     HP denies the allegations in paragraph 44 of the Complaint.

45.     HP denies the allegations in paragraph 45 of the Complaint.

46.     HP denies the allegations in paragraph 46 of the Complaint.

47.     HP denies the allegations in paragraph 47 of the Complaint.

48.     HP denies the allegations in paragraph 48 of the Complaint.

49.     HP denies the allegations in paragraph 49 of the Complaint.

50.     HP denies the allegations in paragraph 50 of the Complaint.

51.     HP denies the allegations in paragraph 51 of the Complaint.

52.     HP denies the allegations in paragraph 52 of the Complaint.

53.     HP denies the allegations in paragraph 53 of the Complaint.

54.     HP denies the allegations in paragraph 54 of the Complaint.

55.     HP denies the allegations in paragraph 55 of the Complaint.

56.     HP denies the allegations in paragraph 56 of the Complaint.

57.     HP denies the allegations in paragraph 57 of the Complaint.

58. HP denies the allegations in paragraph 58 of the Complaint.

59. HP denies the allegations in paragraph 59 of the Complaint.

60. HP denies the allegations in paragraph 60 of the Complaint.

61. HP denies the allegations in paragraph 61 of the Complaint.

62. HP denies the allegations in paragraph 62 of the Complaint.

63. HP denies the allegations in paragraph 63 of the Complaint.

64. HP denies the allegations in paragraph 64 of the Complaint.

65. HP denies the allegations in paragraph 65 of the Complaint.

66. HP denies the allegations in paragraph 66 of the Complaint.

67. HP denies the allegations in paragraph 67 of the Complaint.

68. HP denies the allegations in paragraph 68 of the Complaint.

69. HP denies the allegations in paragraph 69 of the Complaint.

70. HP denies the allegations in paragraph 70 of the Complaint.

71. HP denies the allegations in paragraph 71 of the Complaint.

72. HP denies the allegations in paragraph 72 of the Complaint.

73. HP denies the allegations in paragraph 73 of the Complaint.

74. HP denies the allegations in paragraph 74 of the Complaint.

75. HP denies the allegations in paragraph 75 of the Complaint.

76. HP denies the allegations in paragraph 76 of the Complaint.

77. HP denies the allegations in paragraph 77 of the Complaint.

78. HP denies the allegations in paragraph 78 of the Complaint.

79. Paragraph 79 does not appear to contain any allegations requiring a response, but to the extent an affirmative response is necessary, HP denies the allegations in paragraph 79.

80. Paragraph 80 sets forth a statement of relief requested by VoxPath to which no response is required. HP denies that VoxPath is entitled to any of the requested relief and denies any allegations in paragraph 80.

81. Paragraph 81 sets forth a statement of relief requested by VoxPath to which no response is required. HP denies that VoxPath is entitled to any of the requested relief and denies any allegations in paragraph 81.

## COUNT 2

82. HP admits that U.S. Patent No. 5,450,378 (the "'378 patent") is entitled "Holographic Elements for an Optical Recording System," and that the '378 patent bears an issuance date of September 12, 1995. HP is without knowledge or information sufficient to form a belief as to whether VoxPath is the assignee of rights to the '378 patent, and therefore denies this allegation. HP denies all other allegations of paragraph 82.

83. HP denies the allegations in paragraph 83 of the Complaint.

84. HP denies the allegations in paragraph 84 of the Complaint.

85. HP denies the allegations in paragraph 85 of the Complaint.

86. HP denies the allegations in paragraph 86 of the Complaint.

87. HP denies the allegations in paragraph 87 of the Complaint.

88. HP denies the allegations in paragraph 88 of the Complaint.

89. HP denies the allegations in paragraph 89 of the Complaint.

90. HP denies the allegations in paragraph 90 of the Complaint.

91. HP denies the allegations in paragraph 91 of the Complaint.

92. HP denies the allegations in paragraph 92 of the Complaint.

93. HP denies the allegations in paragraph 93 of the Complaint.

94. HP denies the allegations in paragraph 94 of the Complaint.

95. Paragraph 95 does not appear to contain any allegations requiring a response, but to the extent an affirmative response is necessary, HP denies the allegations in paragraph 95.

96. Paragraph 96 sets forth a statement of relief requested by VoxPath to which no response is required. HP denies that VoxPath is entitled to any of the requested relief and denies any allegations in paragraph 96.

97. Paragraph 97 sets forth a statement of relief requested by VoxPath to which no response is required. HP denies that VoxPath is entitled to any of the requested relief and denies any allegations in paragraph 97.

## **PRAYER FOR RELIEF**

These paragraphs set forth the statement of relief requested by VoxPath to which no response is required. HP denies that VoxPath is entitled to any of the requested relief and denies any allegations.

## **DEMAND FOR JURY TRIAL**

This paragraph sets forth VoxPath's request for a jury trial to which no response is required.

**AFFIRMATIVE DEFENSES**

Subject to the responses above, HP alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to their responses above, HP specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

1. HP does not infringe and has not infringed (not directly, contributorily, or by inducement) any claim of the '530 and '378 patents.

2. The claims of the '530 and '378 patents are invalid for failure to satisfy one or more of the requirements of Sections 102, 103 and 112 of Title 35 of the United States Code.

3. The claims of the '530 and '378 patents are unenforceable as asserted, in whole or in part, by doctrines of laches and/or estoppel.

4. The claims of the '530 and '378 patents are unenforceable as asserted, in whole or in part, by the doctrine of equitable estoppel.

5. VoxPath cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law to the extent it is entitled to any such remedy.

6. VoxPath's alleged damages, if any, are limited because it has not satisfied the requirements for obtaining damages under 35 U.S.C. § 287.

7. VoxPath's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and VoxPath is not entitled to a double recovery.

DB1/65351568.1

8. VoxPath is not entitled to enhanced or increased damages for willful infringement because HP has not engaged in any conduct that meets the applicable standard for willful infringement.

9. HP reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, which may now exist or in the future may be available based on discovery and further factual investigation in this case.

## HP'S PRAYER FOR RELIEF

WHEREFORE, HP prays for judgment as follows:

a. A judgment dismissing VoxPath's complaint against HP with prejudice;

b. A declaration that HP has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '530 and '378 patents;

c. A declaration that the '530 and '378 patents are invalid;

d. An injunction against VoxPath and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with VoxPath from charging infringement or instituting any legal action for infringement of the '530 and '378 patents against Defendants or anyone acting in privity with Defendants;

e. A declaration that this case is exceptional and an award to HP of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

f. Such other and further relief as this Court may deem just and proper.

## HP'S DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, HP respectfully demands a jury trial of all issues triable to a jury in this action.

Dated:  July 30, 2010 　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　By: /s/    David J. Levy
　　　　　　　　　　　　　　　　　　　　　　　　David J. Levy
　　　　　　　　　　　　　　　　　　　　　　　　State Bar No. 12264850
　　　　　　　　　　　　　　　　　　　　　　　　*Lead Attorney*
　　　　　　　　　　　　　　　　　　　　　　　　MORGAN, LEWIS & BOCKIUS LLP
　　　　　　　　　　　　　　　　　　　　　　　　1000 Louisiana Street, Suite 4000
　　　　　　　　　　　　　　　　　　　　　　　　Houston, TX  77002
　　　　　　　　　　　　　　　　　　　　　　　　Telephone No. (713) 890-5170
　　　　　　　　　　　　　　　　　　　　　　　　Telecopier No. (713) 890-5001
　　　　　　　　　　　　　　　　　　　　　　　　Email: dlevy@morganlewis.com

　　　　　　　　　　　　　　　　　　　　　　　　ATTORNEYS FOR DEFENDANT/
　　　　　　　　　　　　　　　　　　　　　　　　HEWLETT-PACKARD COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of **Defendant Hewlett-Packard Company's Original Answer and Affirmative Defenses To VoxPath RS, LLC's Complaint for Patent Infringement** via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 30, 2010.

　　　　　　　　　　　　　　　　　　　　　　By: /s/    David J. Levy
　　　　　　　　　　　　　　　　　　　　　　　　David J. Levy

15