**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VOXPATH RS, LLC, | : |
| | : Civil Action No. 12-952 (DMC)(JAD) |
| Plaintiff, | : |
| v. | : |
| | : **JOINT DISCOVERY PLAN** |
| LG ELECTRONICS U.S.A., INC.; LG ELECTRONICS INC.; DENON ELECTRONICS (USA), LLC; D&M HOLDINGS, INC.; DESAY A&V SCIENCE AND TECHNOLOGY CO. LTD.; BEST BUY CO., INC.; BESTBUY.COM, LLC; BEST BUY STORES, L.P.; BEST BUY ENTERPRISE SERVICES, INC.; PANASONIC CORPORATION OF NORTH AMERICA; PANASONIC CONSUMER ELECTRONICS COMPANY; PANASONIC CORPORATION; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG ELECTRONICS CO.; SONY CORPORATION OF AMERICA; SONY COMPUTER ENTERTAINMENT INC.; SONY COMPUTER ENTERTAINMENT AMERICA INC.; SONY ELECTRONICS INC.; SONY CORPORATION; TOSHIBA AMERICA, INC.; TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.; TOSHIBA CORPORATION; ONKYO U.S.A. CORPORATION; ONKYO CORPORATION; PIONEER ELECTRONICS (USA) INC.; PIONEER CORPORATION; HEWLETT-PACKARD COMPANY; JVC AMERICA, INC.; JVC AMERICAS CORP.; JVC COMPANY OF AMERICA; JVC KENWOOD HOLDINGS, INC.; VICTOR COMPANY OF JAPAN, LIMITED; JVC OPTICAL COMPONENTS (THAILAND) CO., LTD.; YAMAHA CORPORATION; YAMAHA CORPORATION OF AMERICA; and YAMAHA ELECTRONICS CORPORATION, | : : : : : : : : : : : : : : : : : : : : : |
| Defendants. | : |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

VOXPATH RS, LLC

Michael E. Patunas
Lite DePalma Greenberg, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102
973-877-3812 (tel.)
mpatunas@litedepalma.com

281955 v1


Of Counsel:
Marc A. Fenster
Alexander C.D. Giza
Andrew D. Weiss
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: 310.826.7474
Facsimile: 310.826.6991

SONY CORPORATION OF AMERICA,
SONY COMPUTER ENTERTAINMENT AMERICA LLC,
SONY ELECTRONICS INC.,
SONY CORPORATION AND
<u>SONY COMPUTER ENTERTAINMENT INC</u>.

Gregory S. Gewirtz
Andrew T. Zidel
LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ  07090
Telephone 908.654.5000; Fax:  908.654.7866
E-mail: ggewirtz@ldlkm.com;
             litigation@ldlkm.com; azidel@ldlkm.com

BEST BUY CO., INC.,
BESTBUY.COM, LLC,
BEST BUY STORES, LP AND
<u>BEST BUY ENTERPRISE SERVICES, INC.</u>

Emmett J. McMahon
Nicole E. Kopinski
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone:  (612) 349-8500
Facsimile:  (612) 339-4181
E mail: ejmcmahon@rkmc.com
             nekopinski@rkmc.com

Hillel I. Parness
ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.
601 Lexington Avenue
Suite 3400
New York, NY  10022
Telephone:  (212) 980-7400
Facsimile:  (212) 980-7499
E-mail: hiparness@rkmc.com

281955 v1                                                 2

ONKYO U.S.A. CORPORATION
AND ONKYO CORPORATION

Todd. R. Tucker
Nicholas J. Gingo
Renner, Otto, Boisselle & Sklar, LLP
1621 Euclid Ave., 19th Floor
Cleveland, OH 44115
(216) 621-1113
E-mail:  ttucker@rennerotto.com
         ngingo@rennerotto.com

SAMSUNG ELECTRONICS AMERICA, INC. AND
SAMSUNG ELECTRONICS CO., LTD.

Gregory D. Miller
Sarah Christine Hodge
Podvey, Meanor, Catenacci, Hildner, Cocoziello & Chattman PC
The Legal Center
One Riverfront Plaza
Newark, NJ 07102-5497
(973) 623-1000
E-mail:gmiller@podvey.com
       shodge@podvey.com

Richard A. Edlin
Greenberg Traurig, LLP
200 Park Avenue
New  York, New York 10166
(212) 801-6528 (*telephone*)
(212) 801-5528 (*facsimile*)
E-mail:edlinr@gtlaw.com

Richard D. Harris (*pro hac vice*)
Howard E. Silverman (*pro hac vice*)
James J. Lukas, Jr. (*pro hac vice*)
Eric J. Maiers (*pro hac vice*)
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400 (*telephone*)
(312) 456-8435 (*facsimile*)
E-mail:harrisr@gtlaw.com
silvermanh@gtlaw.com
lukasj@gtlaw.com
maierse@gtlaw.com

TOSHIBA CORPORATION AND
TOSHIBA AMERICA CONSUMER PRODUCTS, LLC

281955 v1                                3

Ronald Yin
Aaron Wainscoat
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, California 94303
Tel. (650) 833-2000
Fax (650) 833-2001
E-mail:  ronald.yin@dlapiper.com
             aaron.wainscoat@dlapiper.com

LG ELECTRONICS U.S.A., INC. AND
LG ELECTRONICS, INC.

Steven Lieberman
Brian Rosenbloom
Joo Mee Kim
ROTHWELL, FIGG, ERNST &
MANBECK, PC
1425 K St., N.W., Suite 800
Washington, D.C. 20005
Telephone No. (202) 783-6040
Facsimile No. (202) 783-6031
E-mail:  slieberman@rfem.com
             brosenbloom@rfem.com
             jkim@rfem.com

JVC AMERICAS CORP. AND
JVC KENWOOD CORPORATION

Evan Finkel
Mark Kendrick
Michael Horikawa
Pillsbury Winthrop Shaw
  Pittman LLP – Los Angeles
725 S Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone No. (213) 488-7307
Facsimile No. (213) 226-4058
Email: evan.finkel@pillsburylaw.com
           mark.kendrick@pillsburylaw.com
           michael.horikawa@pillsburylaw.com

John A. Fedun
Pillsbury Winthrop Shaw
  Pittman LLP — New York
1540 Broadway
New York, NY  10036-4039
Telephone No. (212) 858-1923
Facsimile No. (212) 858-1500
Email: john.fedun@pillsburylaw.com

281955 v1                                                             4

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

>This is an action for alleged infringement of U.S. Patent No. 5,450,378, entitled "Holographic Elements for an Optical Recording System" and U.S. Patent No. 6,304,530, entitled "Optical Data Reproduction Apparatus." Plaintiff alleges that each Defendant is now and has been directly infringing, and inducing infringement and/or contributing to the infringement of the patents-in-suit by, among other things, making, using, importing, offering to sell, or selling devices using the patented systems, including each Defendant's Blu-ray optical disc players, to the injury of Plaintiff. Defendants deny Plaintiff's allegations, and allege that the asserted patent claims are not infringed, invalid and unenforceable.

3. Have settlement discussions taken place?

>Yes. However, the parties' positions were very far apart.

4. The parties have met pursuant to Fed. R. Civ. P. 26(f).

5. The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(l).

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(l).
    NONE

7. The parties have conducted discovery other than the above disclosures. If so, describe.

>This case was transferred from the Eastern District of Texas. While in Texas, the parties produced some documents. Defendants have responded to interrogatories and the parties have exchanged infringement and invalidity contentions. Both sides have, however, expressed concerns regarding the sufficiency of each other's contentions.
>
>Defendants also maintain that discovery, and submission of contentions, should be limited to those products for which Plaintiff has submitted infringement charts pursuant to L. Pat. R. 3.1. VoxPath disagrees with Defendants' position because, under both the patent rules of the Eastern District of Texas and the patent rules of this District, VoxPath believes it has appropriately provided representative infringement contentions.
>
>Furthermore, certain Defendant Groups maintain that VoxPath has not identified the proper parties and/or has failed to serve process on named defendants. VoxPath and those Defendant Groups have been working together to address many of the identified issues.

8. Proposed joint discovery plan:

    (a) Discovery is needed on the following subjects:

      1.    Design, development, testing and operation of the relevant portions of the accused products.

      2.    Sales and marketing of the accused products.

      3.    Conception and reduction to practice of the patents-in-suit.

      4.    Ownership of the patents-in-suit

(b) VoxPath proposes, consistent with the agreed discovery procedure while the case was in the Eastern District of Texas, that discovery on the subjects listed above in section (a) should not be conducted in phases or be limited to particular issues.[1] Defendants propose that discovery on damages should commence after the Court has ruled on dispositive motions regarding liability issues.

(c) Proposed schedule:

(1) Defendants are limited to ten (10) common interrogatories plus fifteen (15) individual interrogatories that may be served on Plaintiff by each Defendant Group. Plaintiff is limited to ten (10) common interrogatories that may be served on all Defendants and may serve up to fifteen (15) additional interrogatories on each Defendant Group.

(2) Plaintiff is limited to 20 common Requests for Admission, 40 individual Requests for Admission to each Defendant Group, and unlimited Requests for Admission for document authentication. Defendants are limited to 20 common Requests for Admission, 40 individual Requests for Admission from each Defendant Group to Plaintiff, and unlimited Requests for Admission for document authentication;

---

[1] VoxPath further notes that for all disputes, except those with respect to the scheduling, Defendants did not inform VoxPath of their positions until approximately 5:00 p.m. on the day this plan was due. In addition, until Defendants' email, VoxPath believed that the parties had agreed to abide by the discovery limits agreed to while this litigation was pending before the court in the Eastern District of Texas.

281955 v1       6

(3) Depositions - Fact.

    a. Seven (7) hours of 30(b)(6) deposition time of each Defendant Group (plus seven (7) hours for each additional Defendant Group deponent).

    b. VoxPath's Proposal:

        i. 16 hours of 30(b)(6) deposition time of Plaintiff's deponent; however, should Plaintiff designate one or more additional 30(b)(6) deponents, the parties agree to meet and confer regarding the deposition time for each deponent.

        ii. Each side may take up to an additional 100 hours of non-30(b)(6) depositions (including third party depositions).

    c. Defendants' Proposal:

        i. 5 hours per Defendant Group of 30(b)(6) deposition time of Plaintiff's deponent; however, should Plaintiff designate one or more additional 30(b)(6) deponents, the parties agree to meet and confer regarding the deposition time for each deponent.

        ii. Each party may take up to an additional 100 hours of non-30(b)(6) depositions (including third party depositions).

(4) Depositions – Expert.

    a. Deposition of expert witnesses shall be limited to seven (7) hours per expert witness report.

      b.      Should any expert issue an infringement, non-infringement, or damages report with respect to multiple defendants, Plaintiff proposes the parties agree to meet and confer regarding the deposition time for that expert with respect to that topic, but in no event shall such deposition time be limited to less than five (5) hours with an additional two (2) hours for each Defendant Group as to which the expert offers testimony.  Defendants propose that for each such expert, each Defendant Group shall be limited to seven (7) hours of deposition time.

(5)    Defendants to submit their motion regarding the alleged insufficiencies with Plaintiff's infringement contentions by March 30, 2012.

(6)    Plaintiff's response to Defendants' motion is due April 16, 2012.

(7)    Defendants' reply in support of their motion is due April 23, 2012.

(8)    In-person scheduling conference to be conducted on May 10, 2012 at 9:30 a.m.

**(9)**    Local Patent Rules Deadlines

    a.    The parties have already complied with L.PAT.R.3.1-3.4.

    b.    Non-infringement and Validity disclosures (L.PAT.R.3.2A and 3.4A) by May 18, 2012.

    c.    Update exchange of proposed terms for construction (L.PAT.R.4.1) by June 1, 2012.

    d.    Exchange preliminary claim constructions and supporting intrinsic and extrinsic evidence (L.PAT.R.4.2(a)) by June 22, 2012.

    e.    Exchange rebuttal intrinsic and extrinsic evidence (L.PAT.R.4.2(c)) by July 6, 2012.

      f.      Joint Claim Construction Statement and Prehearing Statement by July 23, 2012.

      g.      Completion of claim construction discovery and amendments to the pleadings without leave of Court by August 23, 2012.

      h.      Opening claim construction briefs to be filed by September 7, 2012.

      i.      Claim construction expert discovery to be completed by October 9, 2012.

      j.      Responding claim construction briefs to be filed by November 8, 2012.

      k.      Parties to submit schedule for a Claim Construction Hearing November 21, 2012.

(10)    Motions to amend or to add parties to be filed by November 22, 2012.

(11)    Fact discovery to be completed: Plaintiff proposes April 5, 2013; Defendants propose 45 days from the Court's claim construction order.

(12)    Expert reports by the party with the burden of proof: Plaintiff proposes April 19, 2013; Defendants propose 60 days from the close of fact discovery.

(13)    Rebuttal expert reports: Plaintiff proposes May 17, 2013; Defendants propose 45 days from service of opening expert reports.

(14)    Expert depositions completed: Plaintiff proposes June 21, 2013; Defendants propose 45 days from service of rebuttal expert reports.

(15)    Deadline to file dispositive motions: Plaintiff proposes 42 days after completion of expert discovery; Defendants propose 60 days after completion of expert discovery.

(d)    Set forth any special discovery mechanism or procedure requested.

(e)    A pretrial conference may take place on a date to be set by the Court.

(f)    Trial date: To be set by the Court.

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? Yes X  No _____.
If so, please explain.

>   The parties expect that many of the witnesses will be citizens of foreign countries. The parties will meet and confer regarding the discovery from such witnesses.

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? Yes X  No __.

    The parties shall submit a proposed discovery plan concerning electronically stored information.

    If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

    >   The parties have been producing documents without dispute. The parties will meet and confer to formalize the procedure for the production of documents.

11. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.

    >   A Protective Order was entered by the Court in the Eastern District of Texas. *See* D.I. 218. The parties agree that this order remains in effect and will meet and confer regarding any revisions that might be required under this Court's local rules.

12. Do you anticipate any discovery problem(s) not listed above? Describe.
Yes _____  No X (other than as stated above).

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

    >   VoxPath believes the case is amenable to voluntary mediation.

    >   Defendants do not believe that voluntary arbitration or mediation will be helpful at this time, as they have already participated in settlement meetings with Plaintiff. Defendants believe that the patent claims are clearly not infringed, and are invalid and unenforceable. Mediation may be helpful at a later stage if Defendants' motions for summary judgment are not granted.

14. Is this case appropriate for bifurcation? Yes  X  No __

281955 v1                                          10

        VoxPath believes that this case should not be bifurcated.  The case was not bifurcated in the Eastern District of Texas nor did Defendants' request bifurcation.  Defendants believe this case may be appropriate for bifurcation of liability issues from damages issues.

15.      Plaintiff does not consent to the trial being conducted by a Magistrate Judge.

16.      Identify any other issues to address at the Rule 16 Scheduling Conference.

        Defendants have concurrently filed a motion to strike Plaintiff's infringement contentions, and understand that their motion will be addressed at the Rule 16 conference on May 10, 2012.

**LITE DEPALMA GREENBERG, LLC**

   /s/ *Michael E. Patunas*
Michael E. Patunas
Mayra V. Tarantino
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
(973) 623-3000
mpatunas@litedepalma.com
mtarantino@litedepalma.com

*Attorneys for Plaintiff*

**DEFENDANTS' COUNSEL**

By: /s/ Gregory S. Gewirtz
Gregory S. Gewirtz
Andrew T. Zidel
LERNER, DAVID, LITTENBERG,

600 South Avenue West
Westfield, NJ  07090
Tel:  908.654.5000; Fax:  908.654.7866
E-mail:  ggewirtz@ldlkm.com; azidel@ldlkm.com
litigation@ldlkm.com
*Attorneys for Defendants Sony Corporation of America, Sony Computer Entertainment America LLC, and Sony Electronics Inc., Sony Corporation and Sony Computer Enterta*

By: /s/ *Emmett J. McMahon*
Emmett J. McMahon (*pro hac vice*)
Nicole E. Kopinski (*pro hac vice*)
ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN  55402
Telephone:   (612) 349-8500
Facsimile:    (612) 339-4181
ejmcmahon@rkmc.com
nekopinski@rkmc.com

Hillel I. Parness
ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.
601 Lexington Avenue
Suite 3400
New York, NY  10022
Telephone:   (212) 980-7400
Facsimile:    (212) 980-7499
hiparness@rkmc.com

*Attorneys for Defendants Best Buy Co., Inc., BestBuy.com, LLC, Best Buy Stores, L.P. and*

*Best Buy Enterprise Services, Inc.*

By: /s/ Todd. R. Tucker
Todd. R. Tucker
Nicholas J. Gingo
Renner, Otto, Boisselle & Sklar, LLP
1621 Euclid Ave., 19th Floor
Cleveland, OH 44115
(216) 621-1113
E-mail: ttucker@rennerotto.com
ngingo@rennerotto.com

*Attorneys for Onkyo U.S.A. Corporation
and Onkyo Corporation*

By: /s/*Gregory D. Miller*
Gregory D. Miller
Sarah Christine Hodge
Podvey, Meanor, Catenacci, Hildner, Cocoziello & Chattman PC
The Legal Center
One Riverfront Plaza
Newark, NJ 07102-5497
(973) 623-1000
E-mail:gmiller@podvey.com
shodge@podvey.com

Richard A. Edlin
Greenberg Traurig, LLP
200 Park Avenue
New York, New York 10166
(212) 801-6528 (*telephone*)
(212) 801-5528 (*facsimile*)
E-mail:edlinr@gtlaw.com

Richard D. Harris (*pro hac vice*)
Howard E. Silverman (*pro hac vice*)
James J. Lukas, Jr. (*pro hac vice*)
Eric J. Maiers (*pro hac vice*)
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400 (*telephone*)
(312) 456-8435 (*facsimile*)
E-mail:harrisr@gtlaw.com
silvermanh@gtlaw.com
lukasj@gtlaw.com
maierse@gtlaw.com

*Attorneys for Defendants
Samsung Electronics America, Inc. and*

*Samsung Electronics Co., Ltd.*

By: /s/*Ronald Yin*
Ronald Yin
Aaron Wainscoat
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, California 94303
Tel. (650) 833-2000
Fax (650) 833-2001
E-mail: ronald.yin@dlapiper.com
aaron.wainscoat@dlapiper.com

*Attorneys for Defendants*
*Toshiba Corporation and Toshiba America Consumer Products, LLC*

By: /s/Steven Lieberman
Steven Lieberman
Brian Rosenbloom
Joo Mee Kim
ROTHWELL, FIGG, ERNST &
MANBECK, PC
1425 K St., N.W., Suite 800
Washington, D.C. 20005
Telephone No. (202) 783-6040
Facsimile No. (202) 783-6031
E-mail: slieberman@rfem.com
brosenbloom@rfem.com
jkim@rfem.com

*Attorneys for Defendants*
*LG Electronics U.S.A., Inc. and*
*LG Electronics, Inc.*

By: /s/Evan Finkel
Evan Finkel
Mark Kendrick
Michael Horikawa
Pillsbury Winthrop Shaw
 Pittman LLP – Los Angeles
725 S Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone No. (213) 488-7307
Facsimile No. (213) 226-4058
Email: evan.finkel@pillsburylaw.com
mark.kendrick@pillsburylaw.com
michael.horikawa@pillsburylaw.com

John A. Fedun
Pillsbury Winthrop Shaw

Pittman LLP — New York
1540 Broadway
New York, NY  10036-4039
Telephone No. (212) 858-1923
Facsimile No. (212) 858-1500
Email: john.fedun@pillsburylaw.com

*Attorneys for Defendants*
*JVC Americas Corp. and*
*JVC KENWOOD Corporation*


By: /s/Nicholas Stevens
Nicholas Stevens
STARR, GERN, DAVISON & RUBIN, PC
105 Eisenhower Parkway
Roseland, NJ 07068-1050
Email: nstevens@starrgern.com
Phone:  (973) 403-9200

Tim Tingkang Xia
Georgia Bar No. 779609
E-Mail: ttx@mmmlaw.com
John P. Fry
Georgia Bar No. 278705
E-Mail: jfry@mmmlaw.com
Kelly L. Whitehart
Georgia Bar No. 755447
E-Mail: klw@mmmlaw.com
MORRIS MANNING & MARTIN LLP
3433 Peachtree Road, N.E.
Atlanta, Georgia  30326
Phone:  (404) 233-7000
Fax:  (404) 365-9523

*Attorneys for Defendant Desay A&V Science and Technology Co. Lt*