NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| VOXPATH RS, LLC, | : | Hon. Dennis M. Cavanaugh |
|  | : |  |
| Plaintiff, | : | **OPINION** |
|  | : |  |
| v. | : | Civil Action No. 2:12-cv-952 (DMC-MF) |
|  | : |  |
| LG ELECTRONICS U.S.A., INC.; et al | : |  |
| Defendants. | : |  |
|  | : |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court on motion by Defendants Desay A&V Science and Technology Co., Ltd., Samsung Electronics America, Inc., Samsung Electronics Co., Ltd., Sony Corporation of America, Sony Computer Entertainment Inc., Sony Computer Entertainment America Inc., Sony Electronics Inc., Sony Corporation, Onkyo U.S.A. Corporation, and Onkyo Corporation[1] ("Defendants") to strike Plaintiff Voxpath RS, LLC's ("Voxpath") Infringement Contentions. (March 30, 2012, ECF No. 268). Oral argument was not heard pursuant to FED R. CIV. P. 78. After carefully considering the submissions of the parties, and based upon the following, it is the finding of the Court that Defendant's Motion to Strike Plaintiff's Infringement Contentions is **granted in part** and **denied in part.**

---

[1] The other moving Defendants Best Buy Co., Inc., Best Buy Stores, L.P., Best Buy Enterprise Services, Inc., BestBuy.com, LLC,  LG Electronics U.S.A., Inc., and LG Electronics, Inc., LG Electronics U.S.A., Inc., JVC Americas Corp, and JVC Kenwood Corp., have filed stipulations for dismissal as to all claims between themselves and Plaintiff VoxPath.

1

## I. BACKGROUND[2]

### A. MOTION TO STRIKE

In this infringement suit, VoxPath has accused 513 products, sold by Defendant groups, of infringing U.S. Patent Nos. 5,450,378 ("the '378 Patent") and 6,304,530 ("the '530 Patent"). The '378 Patent is entitled "Holographic Elements for an Optical Recording System" and the '530 Patent entitled "Optical Data Reproduction Apparatus." VoxPath alleges that various optical disc players sold by Defendants, including Blu-Ray Disc players, DVD players, and PlayStation3 game consoles infringe these patents. VoxPath brought suit for infringement of the '378 Patent in November 2009. VoxPath RS, LLC v. Denon Elecs. (USA), LLC, C.A. 09-364-TJW (E.D. Tex. Marshall Div.) ("the 09-364 Action"). In May 2010, VoxPath filed a second suit against each named Defendant in the first suit and an additional four Defendant groups. VoxPath RS, LLC v. LG Electronics U.S.A., Inc., C.A. 10-160–TJW (E.D. Tex. Marshall Div.) ("the 10-160 Action"). In the 10-160 Action, VoxPath alleged infringement of the '530 Patent by all Defendants. The cases were consolidated in September 2010 and the court ordered that future proceedings for both cases take place in the 10-160 Action. On January 23, 2012, the Texas Court granted Defendants' motion to transfer the 10-160 Action to this District. The transfer was completed on February 16, 2012 and the case was assigned Civil Action No. 2:12-cv-00952 in this Court ("present action").

### B. INFRINGEMENT CONTENTIONS

On October 28, 2011, VoxPath served infringement contentions pursuant to the Eastern District of Texas' local patent rules, accusing 513 of the Defendants' optical disk players of infringing seventeen (17) claims of the '378 and '530 Patents. VoxPath asserts claims one through nine, fourteen, and fifteen of the '378 Patent against "each Defendants' optical disk-related products

---

[2] The facts in this section are taken from the parties' respective papers.

and services . . . that use the holographic optical element described in the asserted claims of the '378 patent." (VoxPath RS, LLC's Disclosure of Asserted Claims and Infringement Contentions ("Infringement Contentions") at 2, Exh. C, ECF No. 268). VoxPath asserts claims one through nine of the '530 Patent against "each Defendants' optical disc-related products and services . . . that use the photo detector described in the asserted claims of the '530 patent." (Id. at 3). In preparation for its infringement contentions, VoxPath purchased close to eighty (80) infringing devices sold by Defendants, commissioned experts to disassemble and locate each holographic optical element used by each infringing device, and study the photodetectors and related wiring patterns used by each infringing device.

For the 513 accused products, VoxPath initially provided seven (7) infringement charts for products accused of violating the '530 Patent and charts for ten (10) percent of products accused of violating the '378 Patent. Subsequently, VoxPath produced additional infringement charts for seventy-nine (79) accused products, for a total of eighty-six (86) infringement contention charts for the '378 patent and twenty-one (21) infringement contention charts for the '530 patent. The infringement charts include Defendants' designated products and "product classes," for example Blu-Ray Disc players, DVD players, and PlayStation3 game machines. Defendants allege VoxPath has still failed to chart the vast majority of accused products and failed to show the required claim elements for infringement of the '530 Patent and thus filed this motion to strike all of VoxPath's infringement contentions for the '530 Patent and VoxPath's infringement contentions under either patent for any product for which VoxPath has not provided an infringement chart.

## II. LEGAL STANDARD

### A. MOTION TO STRIKE

Federal Rule of Civil Procedure 12(f) provides: "[t]he Court may strike from a pleading an

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions to strike are generally "viewed with disfavor" and will "be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." Cryofab, Inc. v. Precision Med., Inc., 2008 U.S. Dist LEXIS 51758 at *6 (D.N.J. Jul. 3, 2008) (quoting Garlanger v. Verbeke, 223 F. Supp. 2d 596, 609 (D.N.J. 2002)). Furthermore, this Court has held that "Rule 12(f) should be construed strictly against striking portions of the pleading on grounds of immateriality and if the motion is granted at all, the complaint should be pruned with care." Morgan Home Fashions, Inc. v. UTI, U.S., Inc., No. Civ.A.03-0772, 2004 WL 1950370, at *28 (D.N.J. Feb. 9, 2004) (quoting Lipsky v. Commonwealth United Corp., 551 F.2d 887, 894 (2d Cir. 1976)).

### B. LOCAL PATENT RULES FOR THE DISTRICT OF NEW JERSEY

New Jersey has adopted Local Patent Rules, which apply to all civil actions filed in, or transferred to, this Court alleging infringement of a patent in a complaint, counterclaim, cross-claim or third party claim, or which seek a declaratory judgment that a patent is not infringed, is invalid or is unenforceable. L. Pat. R. 1.2. In accordance with Local Patent Rule 3.1, a patent holder must serve the alleged infringer a "Disclosure of Asserted Claims and Infringement Contentions" ("Infringement Contentions") within 14 days of the initial scheduling conference. The Infringement Contentions must contain: "(1) each claim of each patent in suit that is allegedly infringed; (2) identification of defendant's "Accused Instrumentality"; (3) a chart identifying where each limitation of each asserted claim is found in each "Accused Instrumentality"; (4) whether the alleged infringement is literal or under the doctrine of equivalents; (5) the priority date to which each asserted claim allegedly is entitled; and (6) the basis for any willful infringement claims." L. Pat. R 3.1; see Elan Pharma Intern. Ltd. v. Lupin Ltd., Civ. Action No. 09-1008, 2010 WL 1372316, at

*3 (D.N.J. March 31, 2010).

### III.   DISCUSSION

Defendants make three allegations of deficiency of VoxPath's infringement contentions. First, Defendants assert VoxPath's infringement contentions for the '530 patent do not identify specific structure that "forms added signal[s]," in accordance with the requirements of the asserted claims of the '530 Patent. (Def.'s Reply Br. 4, April 23, 2012, ECF No. 288). Second, Defendants allege that VoxPath's infringement contentions, most notably with regard to the dependent claims five through nine of the '530 Patent, are insufficient under Local Patent Rules and simply "parrot" the language of the claims. (See Def.'s Reply Br. 4). Finally, Defendants assert that, with respect to hundreds of accused products, VoxPath has failed to provide an individual chart for the accused instrumentality and incorrectly relies on the assumption that the products are "reasonably similar" to the charted products. (See Def.'s Reply Br. 4). This Court will first address the claims relating to the '530 Patent and then discuss the claim relating to the accused products for which an infringement chart is absent.

### A.   '530 PATENT CLAIMS

The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." TFH Publications, Inc. v. Doskocil Mfg. Co., Inc., 705 F. Supp.2d 361, 366 (D.N.J. 2010) (citing Computer Acceleration Corp. v. Microsoft Corp., 503 F.Supp.2d 819, 822 (E.D.Tex.2007)). Infringement contentions are "merely designed to streamline the discovery process."[3] STMicroelectronics, Inc.

---

[3] As the District of New Jersey has developed its Local Patent Rules through guidance from corresponding rules in the Northern District of California and the Eastern District of Texas and the issues raised in the instant Motion are not widely analyzed in this District, this Court has allowed for consideration of those districts' decisions. See TFH Publ'ns, Inc. v. Doskocil Mfg. Co., 705 F. Supp. 2d 361, 365 n.3 (D.N.J. 2010); King Pharms. v. Sandoz Inc., No. Civil Action

v. Motorola, Inc., 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004) (citing Network Caching Tech., LLC v. Novell, Inc., No. C–01–2079, 2003 WL 21699799, *4-5 (N.D.Cal. March 21, 2003)). The purpose of the Local Patent Rules is to "ensure litigants put all their cards on the table up front." Integrated Circuit Sys., Inc. v. Realtek Semiconductor Co., 308 F. Supp. 2d 1106, 1107 (N.D. Cal. 2004). In the course of interpreting analogous local patent rules, the Northern District of California and Eastern District of Texas have recognized "Patent Rules allow for an initial disclosure with additional detail supplemented in later disclosures because those rules allow parties to supplement their preliminary infringement contentions when technical information is produced during discovery." STMicroelectronics, Inc., 308 F. Supp. 2d at 755.

Defendants allege VoxPath has not identified any structure or feature for each of the accused products that satisfy the claim elements of the '530 Patent. (See Def.'s Br. in Sup. of Mot. To Strike 4 (Def's Br."), ECF No. 268). Local Patent Rule 3.1(c) requires infringement contentions to identify "specifically where each limitation of each asserted claim is found in the Accused Instrumentalities." See L. Pat. R. 3.1 (c). In order for a defendant to be able to respond as to whether features meet claim limitations, it is requisite that plaintiffs point to specific structures for each accused product in infringement contentions. Linex Techs., Inc. v. Belkin Int'l Inc., 628 F. Supp. 2d 703, 714 (E.D. Tex. 2008); see also L. Pat. R. 3.2A. The relevant limitations of claim one of the '530 patent contain the following:

> a pair of first wiring patterns respectively connected to the first pair of light-receiving cells for leading out output signals therefrom to form a first added signal in which the output signals are added;
>
> a pair of second wiring patterns respectively connected to the second pair of light-receiving cells for leading out output signals therefrom to form a second added signal in which the output signals are added, the first and second added signals used for

---

No. 08–5974, 2010 WL 2015258, at *4 n.1 (D.N.J. May 20, 2010).

> forming a tracking error signal which indicated tracking error of the optical data reading;

(Decl. Of Gregory S. Gewirtz In Support of Defendant's Motion to Strike VoxPath's Infringement Contentions ("Gewirtz Decl."), ECF No. 268-3). In accordance with the Local Patent Rules, VoxPath is required to identify the manner of formation of signals in the first and second added signals, and identify the structures that accomplish this. See Connectel, LLC v. Cisco Sys. Inc., 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005) (holding preliminary infringement contentions "providing vague, conclusory language or simply mimicking the language of the claims when identifying infringement fail to comply" with Eastern District of Texas' analogous local patent rules). VoxPath's infringement contentions allege that the infringement of the elements of claim one of the '530 patent occur in the optical pickup unit of the Accused Instrumentalities. (See Pl.'s Opp. Br., April 13, 2012, ECF No.284). VoxPath has further identified structures that practice the required elements of "a pair of first wiring patterns" and "a pair of second wiring patterns" which connect to the light-receiving cells. (See Weiss Decl., Ex B 11).

Sister courts interpreting similar local patent rules have found, "it appears that [plaintiff] cannot maintain this lawsuit without undertaking reverse engineering or some equivalent that will enable him to better articulate his claims." Shared Memory Graphics LLC v. Apple Inc., No. C–10–02475, 2011 WL 3878388, at *5 (N.D. Cal. Sept. 2, 2011) (citing Bender v. Maxim Integrated Products, Inc., No. C-09–01152, 2010 WL 2991257 (N.D.Cal. Jul. 29, 2010)). At this point in the litigation, Plaintiff is merely required to provide a detailed outline of infringement contentions regarding particularly Accused Products. Linex Tech., Inc. v. Belkin Intern., Inc., 628 F. Supp. 2d 703, 712 (E.D. Tex. 2008). Infringement contentions "are not intended to be a forum for adjudicating the merits of the plaintiff's contentions." See Linex Tech., Inc., 628 F. Supp. at 703 (citations omitted). Infringement contentions are intended to disclose information as a means to

7

expediting the discovery process. Thus, the merits of VoxPath's infringement contentions are not at issue here. Rather, the issue is whether the infringement contentions asserted by Plaintiff disclose sufficiently detailed information to fulfill the particular requirements of Local Patent Rule 3.1.

Based on the information available to the Court at this early stage of the proceedings, it appears that VoxPath has met the Local Patent Rule 3.1 disclosure standard for the claims relating to the '530 patent. VoxPath has consulted with expert consultants and performed reverse engineering on a number of the Accused Instrumentalities and used the information garnered to form infringement charts. This Court will not attempt to pre-try the case at this procedural stage by conducting a highly detailed and rigorous analysis of the preliminary claim infringement contentions. See STMicroelectronics, Inc. v. Motorola, Inc., 308 F. Supp. 2d 754, 756 (E.D. Tex. 2004) (finding that contentions contained sufficient specificity to notify accused party of the identity of infringing products under analogous patent rules and allowing for the later supplement of initial disclosures). If VoxPath's contentions are found legally deficient after reasonable discovery, the Court will entertain the appropriate motions for supplementation or dismissal.

### B. INFRINGEMENT CHARTS AND VOXPATH'S REPRESENTATIVE ARGUMENT

Defendants assert VoxPath has failed to identify each claim alleged to be infringed, each "Accused Instrumentality" which allegedly infringes upon each claim, and "a chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality." (Def.'s Br. 15) (citing L. Pat. R. 3.1 (a)-(c)). VoxPath asserts that, as a small company with limited resources, the $125,000 its allotted to purchasing, reverse engineering, and studying Defendants' devices comply with the requirements of the local rules. (Pl.'s Opp. Br. 6). VoxPath has provided 107 infringement charts, 98 for the '378 patent and 21 for the '530 patent, but has not provided a separate chart for each of the 513 accused products. (See Pl.'s Opp. Br.

14).

The Local Patent Rules require a chart mapping out where "each infringing product (identified by model number) contains each element of the claim it infringes." International Dev. LLC v. Richmond, Civ. Act. No. 09-2495, 2011 WL 149859, at *2, n. 1 (D.N.J. January 18, 2011) (citing L. Pat. R. 3.1 (b)-(c)) (noting defendant's strategy of merely analogizing each accused product to a prior infringement chart falls short of the standard required by Local Patent Rule 3.1). Thus, the party alleging infringement must, in accordance with the Local Patent Rules, provide infringement contentions which include as specific identification as possible of the accused product, device, or instrumentality and identify each method or process which, when used, allegedly results in the practice of the claimed method or process. See L. Pat. R. 3.1(b).

VoxPath relies on the Eastern District of Texas and the Northern District of California's allowance for disclosure of a single chart for multiple accused products where "products likely operate in a manner reasonably similar to the infringement theory described in [plaintiff's preliminary infringement contentions]." See Honeywell Int'l, Inc. v. Acer America Corp., 655 F. Supp. 2d 650, 657 (E.D. Tex. 2008). However, if this Court were to be persuaded by that argument, VoxPath would still be required to "identify for each category of products at issue how exactly [plaintiff] believes [defendant's] group of products infringes on each claim" in order to successfully assert infringement charts are representative of a class of accused products. See Implicit Networks, Inc. v. Hewlett-Packard Co., Civ. No, 10-03746, 2011 WL 3954809, at *2 (N.D. Cal. Sept. 7, 2011). VoxPath asserts that "its theories of infringement remained consistent across all products studied," yet offers no evidence to prove that each of the products used a multi-function volume holographic optical element with similar features. (See Pl. Opp. Br. 15). VoxPath has not included charts for entire product classes, including for products of remaining

Defendants Sony, Onkyo, and Samsung, and Desay. As it pertains to some Defendants, entire classes of products, like DVD players, are omitted from VoxPath's infringement charts. (See Infringement Contentions, ECF No. 268-4; Def.'s Br. 3).

As to the Sony defendants, '530 Patent claim charts are missing for all of the seventy (70) accused DVD players, twenty-five (25) accused Sony Blu-Ray Disc players, and two (2) accused PlayStation3 consoles; claim charts are lacking for the sixty-eight (68) DVD products, eight (8) Blu-Ray Disc players, and two (2) PlayStation3 consoles accused of infringing upon the '378 patent. Several of Sony's players[4] use different optical pick-ups than the Blu-Ray Disc players for which VoxPath has provided claim charts. (See Infringement Contentions, ECF No. 268-4; Def.'s Br. 9). At least forty-four (44) of the accused DVD products include different optical pickup units than the 2 charted DVD products. Id. VoxPath has also included in its infringement charts Sony products that are unable to even play or record optical disks. (See Def.'s Br. 9; See HT-SS2300 Operating Instructions).

VoxPath accused forty-eight (48) of the Samsung Blu-Ray Disc players, DVD players, and home theater systems of infringing the '530 Patent, but has only charted three (3) of these accused products and has not submitted a single '530 Patent claim chart for any accused Samsung DVD or home theater system product. With regard to the '378 Patent, VoxPath accuses forty-eight (48) Samsung products of infringement and claim charts are missing for all twenty-five (25) accused DVD products, seven (7) Blu-Ray Disc players, and ten (10) accused home theater systems. As to the Onkyo products, VoxPath has only charted one (1) of the thirty-eight (38) products accused of infringement of the '530 patent and two (2) of the products

---

[4]For example, Sony's BDP-S185, BDP-5560, BDP-S20000ES, BDS-S5000ES, and BDP-S1 BD players.

accused of infringing the '378 patent. For all of the products missing infringement charts, VoxPath has made no showing that the missing products are the same as, or even reasonably similar to the few players it did include charts for.

Even under the interpretation of the Eastern District of Texas, upon which VoxPath hopes this Court to rely, the party asserting infringement may not depend on infringement charts to support claims of accused products that differ from those charted. Computer Acceleration Corp. v. Microsoft Corp., 503 F.Supp.2d 819, 823 (E.D. Tex. 2007). This is not a situation where identical infringement contentions are asserted among the accused products. Compare Computer Acceleration Corp., 503 F. Supp. 2d at 823 (holding the differences between the two classes of products for which plaintiff attempts to rely on one infringement chart "weighs heavily in favor of striking the infringement contentions" against the product for which no chart is offered) with Renesas Tech. Corp. v. Nanya Tech. Corp., No. C03-05709, 2004 WL 2600466, at *2 (N.D.Cal. Nov. 10, 2004) (holding that defendant is not required to make separate charts where the infringement contentions are identical for each accused product). VoxPath advances an argument that has been struck down by other districts, namely that it would be unduly burdensome to create a separate chart for each accused product, especially given VoxPath's financial status. (See Pl.'s Opp. Br. 6). However, in districts where the court has found separate charts are not required for each accused infringing product, plaintiffs have still been required to "provide exemplar charts comparing each infringing product to each claim on an element-by-element basis." See Computer Acceleration Corp., 503 F. Supp. 2d at 824 (citing Connectel, LLC v. Cisco Sys., Inc., 391 F.Supp.2d 526 (E.D.Tex.2005)). Not only does VoxPath concede that hundreds of infringement charts for accused products are lacking, but it fails to make any argument to support the similarities between the charted products and the other accused products

for which a chart has not been submitted. VoxPath is not permitted to take a broad stroke approach by alleging infringement against hundreds of products without providing specific evidence of elements that allegedly infringe.

### C. LEAVE TO AMEND

Plaintiff requests leave to amend any pleading deficiencies the Court finds. Defendants contend that Plaintiff should not be given leave to amend. Pursuant to Local Patent Rule 3.7, leave to amend infringement contentions may be granted "by order of the Court upon a timely application and showing of good cause." L. Pat. R. 3.7. The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." TFH Publications, Inc. v. Doskocil Mfg. Co., Inc., 705 F.Supp.2d 361, 365 (D.N.J. 2010) (quoting Computer Acceleration Corp. v. Microsoft Corp., 503 F.Supp.2d 819, 822 (E.D.Tex.2007)). "The rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." TFH Publ'n, Inc., 705 F.Supp.2d at 365 (quoting Atmel Corp. v. Info. Storage Devices, Inc., No. C 95–1987, 1998 WL 775115, at *2 (N.D.Cal. Nov. 5, 1998)).

Unlike the more liberal standard for amending pleadings, "the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." Atmel Corp. v. Info. Storage Devices, Inc., No. C-95–1987, 1998 WL 775115, at *2 (N.D. Cal. 1998). At the same time, Rule 3.7 "is not a straitjacket into which litigants are locked from the moment their contentions are served." TFH Publ'n, Inc. v. Doskocil Mfg. Co., Inc., 705 F.Supp.2d 361, 365 (D.N.J. 2010) (quoting Comcast Cable Communs. Corp. v. Finisar Corp., No. C 06-04206, 2007 WL 716131, at *2 (N.D.Cal. March 2, 2007).

Amendments to infringement contentions are granted upon a showing of good cause and in the absence of prejudice to the adverse party. L. Pat. R. 3.7. The Court must consider whether allowing VoxPath to amend its infringement contentions would (1) require Defendants to expend significant additional resources, or (2) significantly delay the resolution of the dispute. As to the expenditure of resources, the Court is persuaded by Defendant's argument that it will present a substantial expense if Defendants are faced with defending infringement claims that VoxPath has not sufficiently detailed nor presented evidence it will prevail under. (See Def.'s Br. 11). The Local Patent Rules require more than just a belief on the part of the plaintiff that infringement has occurred; VoxPath has not asserted that it will be able to bolster its infringement charts if given the opportunity to amend and, in fact, has already amended its original infringement contentions. As to the issue of delay, the Court finds that, if permitted, VoxPath's amendments will cause a delay in the resolution of this matter. VoxPath has previously amended their contentions and to be granted any additional opportunity to do so would unnecessarily delay resolution. Furthermore, the party requesting amendment has the burden of showing good cause, which includes the burden of showing diligent efforts and the absence of undue prejudice to the other party; VoxPath has made no such showing. Int'l Dev. LLC v. Richmond, No. C-09–2495, 2011 WL 149859, at *1 (D.N.J. Jan. 18, 2011).

## IV. CONCLUSION

This Court finds that, with respect to the claims of the '530 Patent where infringement charts were provided, the disclosure was sufficient to provide Defendants with adequate notice of how their products were alleged to infringe. However, with respect to those accused products for which infringement charts were not offered, this Court finds that VoxPath's infringement contentions against the uncharted products shall be struck. VoxPath was on notice of the rules,

had sufficient time to comply, and had enough information to file proper infringement contentions and charts. Thus, Defendant's Motion to Strike VoxPath's infringement claims as to the charted '530 products is **denied** and Defendant's Motion to Strike the claims regarding the uncharted products is **granted** without leave to amend. An appropriate order accompanies this Opinion.

Nov. 14, 2012

Dennis M. Cavanaugh, U.S.D.J.

Orig.:   Clerk
cc:      All Counsel of Record
         Hon. Joseph A. Dickson, U.S.M.J.
         File